# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5955 | **DATE** | October 3, 2011 |
| **CASE TITLE** | Tobias Payton (#R-10454) v. Chris Cannon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has paid the statutory filing fee, and the Court finds that Plaintiff's complaint is acceptable pursuant to review under 28 U.S.C. § 1915A. The Clerk is ordered to issue summonses to Defendants Cannon, Hardy, Franklin, and Godinez, and the U.S. Marshals Service is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■[**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

     Plaintiff, an inmate in custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Publication Officer Chris Cannon, Grievance Officer Colleen Franklin, Warden Marcus Hardy, all of Stateville Correctional Center, Salvador Godinez, the Director of the Illinois Department of Corrections, and the Illinois Department of Corrections, have violated his First Amendment rights by arbitrarily and unreasonably denying him access to certain pornographic periodicals, including several issues of *Big Black Butt* magazine. Plaintiff has paid the statutory filing fee.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that the complaint articulates a colorable cause of action under 42 U.S.C. § 1983. The Department of Corrections will have to demonstrate that the restriction "is reasonably related to legitimate penological interests." *Woods v. Commissioner, Ind. Dept. of Corrections*, No. 10-3339, slip. op. at 2 (7th Cir. Jul. 19, 2011), citing *Turner v. Safley*, 482 U.S. 78, 89 (1987). While a more fully developed record may establish the constitutionality of the ban, Defendants must respond to the complaint.

     However, the Illinois Department of Corrections is dismissed as a Defendant as it is not a proper Defendant to this cause of action. A suit against the Illinois Department of Corrections is a suit against the State of Illinois. Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984). The State of Illinois has not consented to be sued, and the immunity has been directly applied to the Illinois Department of Corrections. *Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). While there is an exception in suits seeking prospective injunctive relief against state

**(CONTINUED)**     AWL

| STATEMENT  (continued) |
|---|

officials in their official capacities, (*see Ex Parte Young*, 209 U.S. 123 (1908)), such suits may not be brought against the States or their agencies directly. *Id.* As Plaintiff has brought suit against the Illinois Department of Corrections, the immunity applies, and the Illinois Department of Corrections is dismissed from this action.

      The Clerk shall issue summonses forthwith. The United States Marshal's Service is appointed to serve Defendants Cannon, Franklin, Hardy, and Godinez (hereinafter, "Defendants"). Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy of every document filed. In addition, Plaintiff must sign every document filed and must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on Defendants' behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.